**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MIGUEL ENRIQUE SANCHEZ BUSTAMANTE,<br><br>  Petitioner,<br><br>  v.<br><br>WARDEN, FCI FT. DIX,<br><br>  Respondent. | Civil Action No. 24-4180 (KMW)<br><br>**OPINION** |

**WILLIAMS**, District Judge:

This matter comes before the Court on the habeas petition filed by Petitioner Miguel Enrique Sanchez Bustamante pursuant to 28 U.S.C. § 2241. (ECF No. 1). As Petitioner has now paid the filing fee (*see* ECF Docket Sheet), this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to petitions brought pursuant to § 2241 pursuant to Rule 1(b), to screen the petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to [habeas] relief." For the reasons set forth below, Petitioner's habeas petition shall be dismissed without prejudice for lack of exhaustion.

## I.    BACKGROUND

Petitioner is a convicted federal prisoner currently serving his sentence at FCI Fort Dix. (ECF No. 1 at 1.) In his habeas petition, Petitioner contends that he should be eligible to receive credits under the First Step Act as he does not have a final order of removal, but he has been improperly denied eligibility solely because he is subject to an immigration detainer. (*Id.* at 3, 9-

11.)  Petitioner readily admits, however, that he has not grieved this issue or attempted to administratively exhaust his claim as he believes he is exempt from that requirement.  (*Id.* at 6, ECF No. 1-1 at 1.)

## II.    **LEGAL STANDARD**

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, applicable to Section 2241 petitions through Rule 1(b), this Court is required to preliminarily review habeas petitions and motions to vacate sentence and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

## III.    **DISCUSSION**

In his current petition, Petitioner argues that the BOP should be required to consider him eligible for First Step Act good time credits and to award him with an appropriate number of credits.  Petitioner argues that he has been improperly denied these credits solely because of an immigration detainer contrary to the explicit terms of the Act.  Although Petitioner contends this alleged improper denial is due to a BOP wide policy, Petitioner fails to acknowledge that the BOP altered the policy in question well over a year ago, declaring that those subject to only an

2

immigration detainer and not a final removal order are now eligible to earn and apply First Step Act credits. *See* U.S. Dep't of Justice, *First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4)*, https://www.bop.gov/policy/progstat/5410.01_cn2.pdf (last visited Aug. 2, 2023). In light of the change to the policy and the BOP's explicit adoption of an amended policy that clearly provides for the ability to earn credits under the Act while subject to an immigration detainer, it appears that the only reason Petitioner has not yet received credits under the act to the extent he is correct he was previously denied solely based on a detainer is Petitioner's own failure to request the credits from the BOP, which is the administrative entity tasked with calculating the number and applicability of federal prison credits and which therefore has the authority to correct factual or calculation errors and apply additional credits as needed. *Barksdale v. Sing Sing*, 645 F. App'x 107, 109-10 (3d Cir. 2016).

Petitioner's failure to pursue available administrative remedies prior to filing this habeas matter prevents him from raising his claims before this Court. Habeas petitioners are generally required to exhaust all available administrative remedies prior to filing suit in federal court, and failure to comply with this requirement "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice." *See, e.g., Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760-61 (3d Cir. 1996). Although this requirement may be excused under certain circumstances, such as where exhaustion would be futile, *see Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998), absent a showing of such circumstances or cause and prejudice, the failure to exhaust will result in the dismissal of a habeas petition. *Moscato*, 98 F.3d at 761; *see also Downs v. N'Diaye*, 2021 WL 5076412, at *2 (D.N.J. Nov. 2, 2021). A habeas petitioner cannot show futility through mere speculation. *See Lindsay v. Williamson*, 271 F. App'x 158, 159 (3d Cir. 2008). Because the current BOP policy renders those subject just to an immigration detainer who do not have a final removal order eligible to earn credits under the Act, requiring Petitioner to

3

pursue administrative grievances would not be futile as the BOP has the power and authority to provide Petitioner with the credits he now seeks.  Petitioner has therefore not shown that he is exempt from the exhaustion requirement, and this matter must be dismissed without prejudice until such time as Petitioner has fully administratively exhausted his claims.

IV.   **CONCLUSION**

      For the reasons expressed above, Petitioner's habeas petition (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion.  An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge